**UNITED STATES v. BOWDEN et al.**
**No. 11708.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 27, 1948.

Raymond E. Plummer, U.S. Atty., of Anchorage, Alaska, for appellant.

E. L. Arnell, of Anchorage, Alaska, for appellees.

Before GARRECHT, DENMAN and BONE, Circuit Judges.

DENMAN, Circuit Judge.

The United States appeals from a judgment dismissing its complaint as not stating a cause of action for the ouster from office of the mayor, common councilmen, the school board and a member of the Utilities Board of the city of Anchorage, Territory of Alaska.

The complaint alleges that at a general municipal election held in that city on April 1, 1947, there were 1738 ballots cast for the candidates for these offices, that 653 persons cast their votes at the election without being registered under that city's Ordinance No. 51 providing for a registration of voters during a period commencing 60 days prior to an ensuing election and ending on the last Saturday prior thereto, and further providing that:

"* * * no person shall be entitled to vote at any municipal election who is not registered according to the provisions of this Ordinance * * *

"* * * if the applicant for registration will be entitled to vote at the next ensuing election under the laws of the Territory of Alaska, he will be entitled to registration; otherwise he will not be registered * * *."

The District Court's opinion states that this provision of Ordinance 51 is "unconstitutional" without stating the provision of the constitution it considered violated. It also states that an earlier city Ordinance 17 still controlled in determining the right of a citizen to vote. That ordinance permitted the voting of a person challenged at the election, if he sign the following affidavit: "I ———— do solemnly swear (or affirm) that I am qualified and entitled to vote at this Municipal Election in the City of Anchorage, Alaska, held this ———— day of April, 19—. That I am over the age of twenty-one years, to wit of the age of ———— years. That I am a citizen of the United States. That I have resided continuously for one year next preceding this ———— day of April, 19— in the Territory of Alaska, and for six months next preceding said date in the City of Anchorage, Territory of Alaska."

■ The complaint does not indicate that the 653 unregistered voters signed such affidavits. However, if Ordinance 17 is not repealed by Ordinance 51, we are required to assume the election officers performed their duty and required and received such affidavits and that the election is valid.

■ We do not agree that Ordinance 17 is controlling. Ordinance 51 requiring registration as a condition precedent for voting is inconsistent with Ordinance 17 and, if 51 is valid, it repealed the voting requirement of 17.

■ Appellees point to no constitutional provision which prohibits the requirement of registration prior to exercising the right to vote. We think the Court erred in so holding.

■ Appellees do not contend that, assuming Congress has recognized the right of registration as a part of the Alaskan election process, the territorial legislature cannot confer on such cities as Anchorage the power to require it. The legislature, by 48 U.S.C. § 77, 48 U.S.C.A. § 77, has power to act on "all rightful subjects of legislation," and has conferred on such cities the power "to make suitable provision for municipal and other elections." Laws of Alaska 1923, Ch. 97, Art. III.

Appellees contend that Congress in its act of March 3, 1927, 48 U.S.C. § 51 et seq., 48 U.S.C.A. § 51 et seq., of which Section 53 provides for a literacy test at registration by requiring that the person seeking to vote shall without assistance "legibly sign his or her own full name, and write his or her own sex and address, in the *registration* or poll book," does not recognize the right of Anchorage to require registration. They contend that registration cannot be required and that the sole qualification for voting is Section 7 of that act providing: "All citizens of the United States, twenty-one years of age and over, who are actual and bona fide residents of Alaska, and who have been such residents continuously during the entire year immediately preceding the election, and who have been such residents continuously for thirty days next preceding the election in the precinct in which they vote, and who are able to read and write in the English language as prescribed and provided by section 51, of this title, and *who are not barred from voting by any other provision of law,* shall be qualified to vote at any of the elections mentioned in said Section 51." (Emphasis supplied.)

We do not agree. We think that the requirement of registration recognized in Section 53 is one of the "other provisions of law" by which a person may be "barred from voting," and that such an election of the city officers is such a perversion of the election process that, if proved, the District Court has no discretion to refuse the ouster.

The judgment dismissing the complaint is reversed and the Court ordered to continue the litigation.

Reversed.